IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**SOUTHEAST ARKANSAS HOSPICE, INC.**                                                                **PLAINTIFF**

v.                              Case No. 2:13-cv-00134-KGB

**KATHLEEN SEBELIUS, SECRETARY,**
**UNITED STATES DEPARTMENT OF**
**HEALTH AND HUMAN SERVICES**                                                                          **DEFENDANT**

### ORDER

Before the Court is plaintiff's application for a temporary restraining order / preliminary injunction, to stay collection of all demands for repayment, pending final adjudication (Dkt. No. 8). Plaintiff requests that the Court issue an *ex parte* temporary restraining order and / or preliminary injunction to stay any further collection activity on defendant's seven demands for repayment of Medicare hospice reimbursement funds.

The Court is not inclined to grant an *ex parte* temporary restraining order. *Trenton Indian Serv. Area v. Loudermilk*, No. 4:12-CV-143, 2012 WL 5258897 (D.N.D. Oct. 23, 2012) ("The stringent restrictions imposed by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."). The Court determines that notice of plaintiff's request for injunctive relief has been given to defendant *via* the court's electronic filing system and, therefore, opts to treat this as a request for a preliminary injunction. *Branstad v. Glickman*, 118 F. Supp. 2d 925, 936 (N.D. Iowa 2000) ("Rule 65 of the Federal Rules of Civil Procedure provides that no preliminary injunction shall be issued without notice to the adverse party, while a TRO *may be* granted without written or oral notice to the adverse party or that party's attorney.") (internal quotation

and citation omitted). Accordingly, the Court will conduct a preliminary injunction hearing which will be set by separate order. Plaintiff's motion remains pending.

The Court notes that plaintiff states in its motion that two of the seven demands for repayment at issue have not been appealed to the Provider Reimbursement Review Board ("PRRB"). The Court reserves ruling on whether it has subject matter jurisdiction to hear any disputes regarding the demands for repayment that have not been appealed to the PRRB.

SO ORDERED this the 21st day of January, 2014.

_____
Kristine G. Baker
United States District Judge